FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
MAY 10 2019
JAMES W. McCORMACK, CLERK
By: [signature] DEP CLERK

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**KHAYYA RAGLAND** — **PLAINTIFF**

**VS.** — **CASE NO.** 4:19-cv-339-KGB

**SUNCHASE AMERICAN, LTD.** — **DEFENDANT**

## COMPLAINT

Now comes the Plaintiff, Khayya Ragland, by and through her attorneys, The Brad Hendricks Law Firm, and for her Complaint states:

## INTRODUCTORY STATEMENT

This is an action to redress employment discrimination, including harassment based upon race (African American), and for retaliation in violation of Title VII; for a permanent injunction prohibiting the Defendant from engaging in the policies and practices alleged herein in violation of Title VII of the 1964 Civil Rights Act (as amended by the Civil Rights Act of 1991), 42 U.S.C. §2000e, *et.seq.*, and the Arkansas Civil Rights Act of 1993, A.C.A. 16-123-101, *et.seq.* This action is also brought pursuant to 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991. Plaintiff seeks full back pay as the result of her discriminatory termination, benefits, compensatory and punitive damages, liquidated damages, prejudgment and post-judgment interest, reasonable attorney's fees and expenses, and any and all other relief to which she is entitled as the victim of racial discrimination, harassment and retaliation. As a direct result of the racial discrimination, and discharge suffered by the Plaintiff, she has suffered damages, including the loss of significant employment compensation, for which she seeks the relief set forth, *infra*.

**This case assigned to District Judge** Baker
**and to Magistrate Judge** Volpe

## JURISDICTION

1. The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(3) and (4), 42 U.S.C. §2000e, *et.seq.* Plaintiff also seeks a permanent injunction and a declaratory judgment under 28 U.S.C. §§2201 and 2202, declaring that the Defendant discriminated and retaliated against her in the terms and conditions of her employment. This Court also has jurisdiction over Plaintiff's claims under the Arkansas Civil Rights Act pursuant to the plenary power of the Court to invoke its pendant jurisdiction over causes of action arising under the laws of the State of Arkansas.

2. Venue herein is proper under 28 U.S.C. §1391(b) and 42 U.S.C. §200E-5(f)(3), and the alleged unlawful employment practices were committed within the State of Arkansas, in the Eastern District thereof.

3. Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission alleging racial discrimination and harassment on 02/04/2019. That Charge is attached hereto as Exhibit "A" and incorporated herein by reference.

4. The Equal Employment Opportunity Commission issued to Plaintiff a Right to Sue on the race harassment and discrimination charge on 02/14/2019. A copy of the Notice is attached hereto as Exhibit "B" and incorporated herein by reference.

## PARTIES

5. Plaintiff was at all times relevant hereto a citizen of the United States and a resident of Pulaski County, Arkansas. Plaintiff's race is African American, and therefore she is a protected person within the meaning of Title VII and the Arkansas Civil Rights Act.

6. Defendant Sunchase American, Ltd. is a domestic for-profit corporation doing business in Arkansas. Sunchase's agent for service of process is National Registered Agents, Inc. of Ark at 455 W. Maurice St., Hot Springs AR 71901.

**STATEMENT OF FACTS**

7. Plaintiff was employed by the Defendant on or about 10/16/2013 as an Assistant Manager. Plaintiff was promoted to property manager in 2016.

8. On 09/11/2018 the Defendant, through Suzanne Macon (white female) terminated the Plaintiff.

9. During the Plaintiff's tenure with the Defendant, she met all legitimate expectations of the Defendant.

10. During her tenure with the Defendant the Plaintiff was treated less favorably than non-African American employees.

11. Ms. Macon made specific racial comments about having too many people "of color" working at a particular office, and that she would therefore not hire someone "of color".

**COUNT I**

**VIOLATION OF 42 U.S.C.§2000e, *et.seq.***
**Racial Discrimination**

12. Plaintiff restates and incorporates herein by reference the preceding paragraphs of her Complaint as if set forth herein verbatim.

13. The Defendant, by and through its agents and employees, has discriminated against Plaintiff because of race (African American) in that Plaintiff was terminated due to her race.

14. Additionally, the reason(s) given by the Defendant for Plaintiff's termination are a mere pretext for discrimination based upon Plaintiff's race.

**COUNT II**

**VIOLATION OF THE ARKANSAS CIVIL RIGHTS ACT**

15. Plaintiff restates and incorporates herein by reference the preceding paragraphs of her Complaint as if set forth herein verbatim.

16. The acts and omissions alleged herein are in violation of the Arkansas Civil Rights Act of 1993, A.C.A 16-123-101, *et. seq.*, in that the Plaintiff was subjected to discrimination in the terms and conditions of her employment based upon her race (African American), for which she seeks the relief set forth, *infra*.

**COUNT III**

**VIOLATION OF RIGHT TO BENEFITS UNDER CONTRACT**

17. Plaintiff restates and incorporates by reference the preceding paragraphs of her Complaint as if set forth herein verbatim.

18. The Plaintiff had a contract of employment with the Defendant under the laws of the State of Arkansas. Such contract could not be terminated, nor could the Plaintiff be deprived of the benefits of the contract because of her race under the laws of the United States and the State of Arkansas.

19. Defendant intentionally deprived Plaintiff of the enjoyment of the benefits, privileges, terms, and conditions of the contractual relationship she had with the Defendant because of the Plaintiff's race.

20. Under Arkansas and federal law, an employer may not lawfully violate 42 U.S.C. § 1981 or the Arkansas Civil Rights Act by subjecting such an employee to a work environment that is hostile because of the Plaintiff's race.

21. Defendant violated 42 U.S.C. § 1981 by terminating the Plaintiff due to her race.

**DAMAGES**

22. Plaintiff restates and incorporates herein by reference the preceding paragraphs of her Complaint as if set forth herein verbatim.

23. Plaintiff, Khayya Ragland, has suffered damages in an amount in excess of the minimal amount for Federal Diversity Jurisdiction ($75,000) for the following elements:

(1) Loss of employment compensation, benefits and promotional opportunities in the past;

(2) Loss of reputation and self-esteem; and

(3) Mental anguish and emotional distress.

Additionally, Plaintiff seeks punitive damages up to the limits permitted by law for violation of Title VII and in an indeterminate sum to be awarded by a jury for violation of 42 U.S.C. § 1981.

WHEREFORE, Plaintiff prays that this Court grant her the following relief against the Defendant:

(1) Grant Plaintiff a jury trial;

(2) For a Declaratory Judgment declaring that the Defendant has violated the rights of the Plaintiff as guaranteed by Title VII of the 1964 Civil Rights Act (as amended), 42 U.S.C. §2000e, *et. seq.*; the Arkansas Civil Rights Act, A.C.A 16-123-101, *et. seq.*, and 42 U.S.C. §1981 *et. seq.*;

(3) Grant a permanent injunction prohibiting the Defendant from engaging in the harassment or retaliation and practices alleged herein in violation of 42 U.S.C.§2000e, *et.seq.*; and the Arkansas Civil Rights Act;

(4) Award compensatory and punitive damages;

(5) Award reasonable attorney's fees and litigation expenses;

(6) Grant any and all other relief to which she is entitled.

***PLAINTIFF DEMANDS A JURY TRIAL***

Respectfully submitted,

***THE BRAD HENDRICKS LAW FIRM***
500 C Pleasant Valley Dr.
Little Rock, AR 72227
(501) 221-0444
(501) 661-0196 (fax)
tkitchens@bradhendricks.com

BY: ______________________
Lloyd W. "Tré" Kitchens, ABN 99075

**VERIFICATION**

I have read the above and foregoing and it is true and correct to the best of my knowledge and belief. Wherein I set my hand and seal this 9 day of May, 2019.

______________________
Khayya Ragland

STATE OF ARKANSAS )
)ss
COUNTY OF PULASKI )

Sworn to and subscribed before me, a Notary Public, on this 9 day of May, 2019.

______________________
NOTARY PUBLIC

My Commission Expires: AUDRA L. MURRAY MY COMMISSION # 12367826 EXPIRES: October 2, 2028 Pulaski County

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: Agency(ies) Charge No(s):

[ ] FEPA

[X] EEOC 493-2019-00172

null and EEOC

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| Ms. Khayya Ragland | (501) 350-2186 | |

Street Address City, State and ZIP Code

43 Dove Creek Cir., North Little Rock, AR 72116

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| SUNCHASE AMERICAN | | (501) 851-0700 |

Street Address City, State and ZIP Code

100 Park Dr, Maumelle, AR 72113

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

Street Address City, State and ZIP Code

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

[X] RACE [ ] COLOR [X] SEX [ ] RELIGION [ ] NATIONAL ORIGIN
[ ] RETALIATION [ ] AGE [ ] DISABILITY [ ] GENETIC INFORMATION
[ ] OTHER (*Specify*)

DATE(S) DISCRIMINATION TOOK PLACE

| Earliest | Latest |
|---|---|
| 09-11-2018 | 09-11-2018 |

[ ] CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

I was hired on October 16, 2013, as an Assistant Manager and promoted to Property Manager in 2016. I was discharged on September 11, 2018. I was not offered the opportunity to resign. I was not offered a severance package.

I believe I was discharged, not offered the opportunity to resign, and not offered a severance package because of my race, African American, and sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – *When necessary for State and Local Agency Requirements*

I declare under penalty of perjury that the above is true and correct.

Digitally signed by Khayya Ragland on 02-04-2019 10:01 AM EST

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*)

EXHIBIT A

tabbies

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

EEOC Form 161 (11/16)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: **Khayya Ragland**
**43 Dove Creek Cir.**
**North Little Rock, AR 72116**

From: **Little Rock Area Office**
**820 Louisiana**
**Suite 200**
**Little Rock, AR 72201**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **493-2019-00172** | **Margie Myers, Investigator** | **(501) 324-6214** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

FEB 14 2019
*(Date Mailed)*

Enclosures(s)

**William A. Cash, Jr.,**
**Area Office Director**

cc:
**Alice Piraneo**
**Legal**
**SUNCHASE AMERICAN, LTD.**
**7755 Ballantyne Commons Parkway Suite 1**
**Charlotte, NC 28277**



Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

### PRIVATE SUIT RIGHTS -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

### PRIVATE SUIT RIGHTS -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

### ATTORNEY REPRESENTATION -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

### ATTORNEY REFERRAL AND EEOC ASSISTANCE -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***